1194

GUS V. WINSTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRANK W. DENTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

O. M. COULTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. S. MITCHELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. M. S. MITCHELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 34242, 34507, 34509, 34510, 39349–39351, 42233.

Promulgated April 13, 1931.

*Albert A. Jones, Esq.*, for the petitioners.
*Warren F. Wattles, Esq.*, and *L. A. Luce, Esq.*, for the respondent.

OPINION.

LANSDON: The issues which raise the question of ownership of the oil and gas lease herein involved are disposed of by our findings of fact above, from which we conclude that the Syndicate consisting

of W. S. Mitchell, Winston, Denton and Coulter owned an undivided one-half interest in the lease; that Denton individually owned an undivided one-eighth interest; that W. S. Mitchell individually owned an undivided one-fourth interest; and that Sarah L. Denton owned an undivided one-eighth interest.

We come now to the principal issue in these proceedings, namely, whether the Syndicate was an association taxable as a corporation, or a copartnership. We have found as a fact above that the Syndicate agreements were called in before they became operative and that the four individuals thereafter entered into an oral agreement whereby each was to contribute a like amount and the four were to share profits and losses equally. The business was carried on pursuant to such agreement, which we think created a partnership. The respondent erred in his determination that these individuals were organized as an association taxable as a corporation. Cf. *F. E. McGlone et al.*, 22 B. T. A. 358.

Section 3176 of the Revised Statutes, as amended by section 1003 of the Revenue Act of 1924, provides in part:

* * * In case of any failure to make and file a return or list within the time prescribed by law, or prescribed by the Commissioner of Internal Revenue or the Collector in pursuance of the law, the Commissioner shall add to the tax 25 per centum of its amount, except that when a return is filed after such time and it is shown that the failure to file it was due to a reasonable cause and not to willful neglect, no such addition shall be made to the tax. * * *

The petitioner, Coulter, admits that his income tax return was not timely filed. His explanation therefor is that he thought Winston looked after it. Winston testified that he was supposed to look after Coulter's return, but forgot it. We think the penalty should be collected.

*Decision will be entered under Rule 50.*